Good morning, Your Honors. My name is Karen Bucher. I represent James Lima. In this case, the district court dismissed Lima's hideous petition as being time-barred. Lima argues that he was entitled to equitable tolling during a time period he did not have access to his legal materials, just as the magistrate judge found. The district court rejected the magistrate judge's findings because it found that the link of causation between the extraordinary circumstance, which was lack of access to the legal materials, and the failure to file the petition on time was broken when he filed his first federal petition in October 2005. Mr. Lima argues that the causal link was not broken because from the very beginning, he diligently pursued his rights. As soon as the materials was taken away from him and he was put into administrative segregation, he fought to get out. And once he got out on September 1st, within 37 days, he filed his first, his next petition, which was the October 2005 petition. Since then, after each order or after each denial, within 30 days or so, he filed the next petition. So he was diligently pursuing his rights. The fact that along the way he filed a petition in the federal court that was dismissed because he didn't exhaust all his claims did not he was still pursuing his rights up until the time that he filed his final petition. And I think that's what the Supreme Court expects from a petitioner to continue on and not to stop and be diligent to pursue his rights until he files his final petition. And I believe Mr. Lima did that in this case. I have a question about the California procedure that he followed. I understand he filed originally in the Superior Court to challenge first habeas went through or the habeas went through first the Superior Court. Is that correct? That's correct. OK. And then he went over to federal court. Yes, he did. Prematurely. Then he went back to California to exhaust and he did not go to the court of appeal. He filed directly in the California Supreme Court. Is that correct? He went directly to the California Supreme Court based on his understanding of the district court's order. All right. But under California law, it's unclear to me. Is there an option? There's one of the cases. There's a footnote California case that says the sole and proper procedure is to file in the court of appeal and then go to the California Supreme Court. But I think there's also a suggestion that under the Constitution you can file an original petition in the Supreme Court itself, California Supreme Court itself. Is that correct? That's right, Your Honor. The way I understand California law is that to exhaust all your claims, you need to just end up in California Supreme Court. The way you get there doesn't matter as long as you don't go back down. You can start off in the Superior Court and get a denial and then jump up to the California Supreme Court. The way I understand the law and the way I have seen it done in the past, but you can't go back down and then go back up. Okay. And so that's one continuous round, whether he goes from Superior to court of appeal or from Superior to Supreme Court. That has been my understanding of the law for many years, Your Honor. Do we have any cases in California where that has happened and it's just been passed over as okay? One comes to mind, Your Honor. I thought about that last night. You know, I was in the hotel and I had that same thought, but I don't have any on hand. I could research that for you. And also I'd like to talk about the district court's order. The district court found fault in this dilemma for not complying with the district court's order. On October 26, 2005, the district court dismissed his first federal petition and directed him to exhaust his claims in the California Supreme Court, but required him to file his first amended petition by December 23rd. And that would have been impossible to do because in order for him to file a first amended petition, the California Supreme Court would have had to make a decision. So he could not comply with the district court's rule, I mean, order stating that he must file his first amended petition by December 23rd because the California Supreme Court did not make its decision until August 2006. So it would have been impossible for him to comply with the district court's order. But in August 2006, once the California Supreme Court made its decision denying his petition, he immediately went into federal court, filed his first amended petition as directed, and it was dismissed because he didn't comply with the order directing him to file it by December 23rd. And there was no way he could have followed that order. I have another question. You focused on equitable tolling, but as I understand, you also argued statutory tolling on the fact that he was back in the system despite his diversion to the federal courts. By my calculations, the interval between the L.A. Superior Court decision and the California Supreme Court worked out to about six months delay. Is that correct? That's correct, Your Honor. Now, under the Supreme Court law, California, because it's indeterminate in time, we are, as the appellate court, supposed to understand whether or not that is timely and comparable to State procedures that do have time limits. So it's six months. How do you argue that six months interval is timely? Six months I would think would be timely. But in this case, because the time delay was explained, the time after he received his legal material back in September to the time he filed in November, I believe that portion was timely. And I think that's what the magistrate judged down in E.R. 32 when, as an alternative, Mr. Lima is entitled to statutory tolling, because in Cary v. Apple, the Supreme Court said that you're not entitled to statutory tolling on unexplained delays. In this case, the delay was explained. He did not have his materials for quite a bit of that time. And I think the facts in Evans v. Chavez is really instructive in this case, because in that case, the Petitioner waited three years from the decision from the Court of Appeals until he received his legal material. He filed into the California Supreme Court. And his excuse was during those three years, he was working at a – he had a job that did not allow him to visit the law library, and he was on lockdown. But there was a period of six months within a three-year timeframe where he had a job that allowed him to go to a library, and he wasn't on lockdown. And because that six months was unexplained, then he was not entitled to statutory tolling. So I believe, had he been working that job the full three years and wasn't on lockdown, that that time period would have been explained. Kagan. Counsel, do we know, was his petition to the Superior Court and the one to the Supreme Court on the same issues, or was he raising completely different issues than the two? My statement says it was the same. I didn't personally go through and track it. But I believe it was the same. But I think it does have to be the same or substantially the same in order to tie them together and get the continuous tolling statutorily. Under statutory tolling, yes, Your Honor. I believe that's correct. All right. Do you want to save the rest of your time for a vote? Yes, Your Honor.  Thank you. Good morning. I'm Deputy Attorney General Matt Mulker on behalf of the warden. From our perspective, this is a pretty easy case because he's asked, Mr. Lehman is asking for equitable tolling or extraordinary relief due to his inability to file a timely federal petition. But, in fact, he did file a timely federal petition in 2005. And so that by itself, in our view ---- What about statutory tolling? Statutory tolling shouldn't get him any closer. On the statutory tolling issue and the questions about California procedure, under California, he can file any petition pretty much anywhere he wants at any time. So there's nothing that precluded him or required him to do anything in a particular order. And we have conceded in our brief that he is entitled to statutory tolling time for the days that his petition in the Superior Court and later in the California Supreme Court were actually sitting there and being considered by the court. The problem for statutory tolling, Mr. Lehman, is that six-month gap. All right. But some of that time he was in lockdown, three-and-a-half months, right? Yes. His allegation is that he was in lockdown. So if that were true, then he basically ---- that would be tolled during that period, and then the interval would be the, what, two-and-a-half months. So why wouldn't that then get him the relief he needs without having to go to equitable tolling? A couple of different reasons. First, there is ---- It's not so simple, is it? Fair enough. Equitable tolling. A couple of different reasons. First, he didn't tell the California Supreme Court that he was actually deprived of his legal materials. So we're getting a little bit of a ---- I don't want to cast aspersions, but there's a little bit of a different story on what he tolled. Well, is that relevant? Why does the Supreme Court need to deal with that at all? It was timely as far as the Supreme Court was concerned. We're talking, I think, two different things. The California's timeliness rules, which are arcane, to say the best, would be a procedural default of the State court that would absolutely prohibit his claim from being heard. We're not talking about procedural default. We're talking about how California's strange system, unique system, fits into the Federal calculations. Yes, I understand all that. But why does he and his petition to the California Supreme Court need to talk about that? Well, counsel's argument is that because he was deprived of his legal materials, the California Supreme Court should have known that. And so that should be a factor to consider in considering the reasonableness. No, no, no. That's what we consider. That's what we consider. The California Supreme Court did not, as I understand it, deny his petition for untimeliness. That's correct. Okay. So that wasn't an issue. So there would be no reason for him to explain why he was filing when he did. We need to understand the figure. I disagree with that. The understated example that he could potentially, his case, when he presents his case to the California Supreme Court, his case could potentially be found untimely. Okay. But he didn't do it, but it's not they didn't decide it on that basis. You're saying they didn't default, they didn't cite a case that suggested it was procedurally defaulted. So we're left with then evidence in the proceeding where we, sitting on the federal side, unfortunately have to figure out whether it was timely. And he offers an explanation. So if that explanation, if we were to accept that as credible, would that not then make the tolling period of six months plus the time it was sitting before the two California courts, that be enough to cure his problem? Respectfully, no. I say no because counsel is telling you in federal court, under the federal statutory tolling, that the reason that this delay is timely is because he was in lockdown and was deprived of his legal materials. Now, as a factual matter, we can't determine one way or another whether he had his legal materials or not. So we're willing to assume for the purposes of this argument that he did not have his legal materials during that lockdown that did occur. What he told the California Supreme Court when provided the chance, when filing his petition in State court, where he did have to worry about the State court timing his rule at the time of filing, he said that he was in lockdown. He actually didn't say that. He said he was transferred from one prison to another. That happens all the time. That by itself wouldn't even be a dent in the timeliness calculation. So the explanation that Mr. Luna gave at the time he needed to give an explanation in State court is not the same explanation that he was providing to the federal court later when dealing with a slightly different issue. Because of that, it is our position that the later explanation about how he didn't have his materials during the six months cannot be accepted as a reason that the California court would have found his petition to be reasonably timely under the federal law. But California never said it was untimely. I just don't understand why you're pushing that as an issue that the California court had to deal with. It didn't deal with it. It didn't say it was untimely. I disagree that they didn't deal with it. As part of California's standard procedures, which, again, are confusing at best, he was required to justify his delay. So you're saying it's a prior and consistent statement. I won't go that far. I mean, as far as if there's no evidence of this. You're using it to impeach. Yes, in a sense. I mean, I'm not suggesting that he is – well, I don't believe what murderers and robbers tend to say normally. And I think this is suspicious. But I think the most important aspect of it is that when given – if he really was deprived of his legal materials for this period, he would have said so when he had the opportunity and was given the opportunity and had an obligation under state law to explain what it was. All right. Just like our immigration cases where they say one thing at the border and then they change the – Similar. Similar. Got it. Yes. So we think this case is squarely controlled by Evans versus Chavez, where the six-month gap is too long by itself. But if – just to come back to the question, I'll make sure I understand your answer. If we disagree on your prior and consistent statement theory, that six months, adding that in would bridge the gap. Not entirely. Just as I said, there's a couple reasons. The second one is that we don't think that equitable tolling as a concept as it exists, whether it does exist or not, should be mechanically applied in the same way that statutory tolling is applied. I'm just talking about statutory tolling. We're talking about both, I think, and I think the facts overlap. Right. So we're talking about equitable tolling now. Forget equitable tolling. Just pure statutory tolling, if we credit the delay, that's not equitable tolling. I understand your question. Okay. So would that be enough? We don't have to get to equitable tolling. If he is entitled to gap tolling for that six months, I think he is time. Okay. Thank you. Yes. Thank you. All right. Counsel, thank you for the argument, and the case is submitted. Yes. All right. The next case on calendar is bailing versus Nicholson.
judges: Fletcher B. , Fisher, Gould